**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMEN OGANYAN,<br><br>               Petitioner - Appellant,<br><br>   v.<br><br>GEORGE A. NEOTTI, Warden,<br><br>               Respondent - Appellee. | No. 14-55086<br><br>D.C. No. 2:10-cv-01625-GW-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 21, 2015[**]
Pasadena, California

Before: TROTT, KLEINFELD, and CALLAHAN, Circuit Judges.

Armen Oganyan stands convicted by a jury in California of attempted

murder, assaulting his victim with a semi-automatic firearm, and shooting a

firearm at an occupied vehicle. The superior court sentenced him to 32 years to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

life. His direct appeals to the California Court of Appeal and to the California Supreme Court were unsuccessful, as was his petition for a writ of habeas corpus to the latter. He comes to us on federal habeas after the district court denied his petition.

He raises two issues, neither of which has merit.

First, he alleges that the California Superior Court violated his right to due process and the effective assistance of counsel by denying his motions for a continuance.

Second, he asserts that his trial attorney gave him ineffective assistance by advising him to reject a plea offer of 17 years, far less than what he received by following his attorney's recommendation to go to trial.

The California Court of Appeal thoroughly and thoughtfully addressed Oganyan's first issue on direct appeal. The court concluded that the trial court did not abuse its discretion in denying counsel's motions to continue. Moreover, the Court of Appeal went further in its analysis, determining that "[a]ny alleged trial court errors were not prejudicial."

After reviewing the record on this issue, we conclude that the Court of Appeal's adjudication of it was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States. Moreover, the court's ruling was not based on an unreasonable determination of any fact in light of the evidence presented in the relevant state court proceeding. 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97-98 (2011).

As to Oganyan's second issue, the California Supreme Court summarily denied his petition without a reasoned opinion. However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 502 U.S. at 98.

This burden Oganyan has not carried. Our review of the trial transcript -- including especially Boots's cross examination and counsel's final arguments to the jury -- demonstrate that the People's case was very defensible.

Counsel advised Oganyan to go to trial because he concluded that the prosecutor's evidence was weak and full of holes which could be exploited in his client's defense. Counsel was right. As he explained in his closing arguments to the jury, no one could positively identify his client as the shooter. The victim did not testify, having left the country with another percipient witness, his wife's mother. The victim's wife testified, but did not implicate Oganyan, her brother. Capitalizing on the opportunity, counsel surmised that she might be the shooter.

Although the officers claimed Oganyan had a contusion on his forehead, a bloody nose, and a ripped shirt, his booking photo (a defense exhibit) showed no evidence corroborating the officers' claims.

Boots, who was a witness to the shooting, could not say that Oganyan was the shooter, only that it looked like him. Boots's testimony was full of assumptions and mistakes about details, such as how far he was from the shooting and how light it was at 9:00 p.m. on November 11, 2006.

In addition, no scientific evidence linked Oganyan to the shooting. No gun shot residue was on his hands or clothing even though the shooter fired at least 8 shots from a .45 caliber handgun, no fingerprints were on the bullet casings found at the scene, and no gun was recovered or evidence produced that Oganyan ever owned a .45. Counsel used the absence of scientific evidence as evidence of innocence. Furthermore, Oganyan took the stand and testified he did not shoot the victim. The defense failed, but this was definitely a triable case, as demonstrated not only by the evidence, but also by (1) counsel's opening statement, (2) counsel's vigorous final arguments to the jury, and (3) Oganyan's brief to the California Court of Appeal.

Thus, we conclude that the California Supreme Court had a reasonable basis for denying Oganyan's petition for relief.

AFFIRMED.